VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION
Case No. 23-CV-03563



| Scott Beyor v Nicholas Deml |
| --- |

## Opinion and Order on the State's Motion for Summary Judgment

Plaintiff Scott Beyor is an inmate in the custody of Defendant the Vermont Department of Corrections (DOC). In the amended complaint, he claims that, when he was in the community, he was treated for substance use disorder and certain psychiatric conditions with numerous medications including 16 mg/day of Suboxone and 6 mg/day of clonazepam. Since his incarceration, his DOC providers have been unwilling (at times) to prescribe both Suboxone and clonazepam at the same time, and they have never been willing to prescribe the amounts of either that Mr. Beyor was receiving in the community. He asserts that the DOC's failure to give him the identical prescriptions to both drugs as he was receiving in the community violates his statutory right to health care at "prevailing medical standards" and seeks an order requiring the DOC to provide those prescriptions. 28 V.S.A. § 801(a). To be clear, Mr. Beyor does not claim insufficient treatment for his conditions generally—he specifically claims that, to comply with § 801(a), the DOC must give him these two specific prescriptions in the requested amounts.

The State has filed a motion for summary judgment. It argues that Mr. Beyor's medical needs are substantial, complex, and evolving, that DOC providers have extensively treated him, and that the professional opinion of Mr. Beyor's medical expert

is insufficient to support any determination that his treatment has been deficient or that the standard in § 801(a) requires the specific prescriptions he seeks in this case.

I.  Procedural Standard

Summary judgment procedure is "an integral part of the . . . Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Morrisseau v. Fayette*, 164 Vt. 358, 363 (1995) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).  Summary judgment is appropriate if the evidence in the record, referred to in the statements required by Vt. R. Civ. P. 56(c)(1), shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.  Vt. R. Civ. P. 56(a); *Gallipo v. City of Rutland*, 163 Vt. 83, 86 (1994) (summary judgment will be granted if, after adequate time for discovery, a party fails to make a showing sufficient to establish an essential element of the case on which the party will bear the burden of proof at trial).  The Court derives the undisputed facts from the parties' statements of fact and the supporting documents.  *Boulton v. CLD Consulting Engineers, Inc.*, 2003 VT 72, ¶ 29, 175 Vt. 413, 427.  A party opposing summary judgment may not simply rely on allegations in the pleadings to establish a genuine issue of material fact.  Instead, it must come forward with deposition excerpts, affidavits, or other evidence to establish such a dispute.  *Murray v. White*, 155 Vt. 621, 628 (1991).  Speculation is insufficient.  *Palmer v. Furlan*, 2019 VT 42, ¶ 10, 210 Vt. 375, 380.

While certain facts in the parties' statements of fact are disputed, the basic facts material to this decision are undisputed.

II.     Analysis

Claimed violations of 28 V.S.A. § 801(a) by the DOC are redressable under the mandamus branch of review available under Vt. R. Civ. P. 75. *Plante v. State of Vermont*, No. 22-CV-01843, 2023 WL 7309286, at *1–2 (Vt. Super. Ct. June 09, 2023); *Burke v. Deml*, No. 23-CV-00236, 2023 WL 5338895, at *2 (Vt. Super. Ct. May 09, 2023). To establish such a violation, the burden is on the plaintiff to prove the standard of care and how the DOC treatment providers are breaching it. *See Plante v. State of Vermont*, No. 22-CV-01843, 2024 WL 3641137, at *2 (Vt. Super. Ct. June 04, 2024). As with ordinary medical malpractice claims, that proof typically must be supported by expert testimony. *Id.*

In this case, Mr. Beyor has come forward with the testimony of an expert, one of his treatment providers when he was in the community. The State asserts that the opinion is insufficient to support any specific standard of care or that Mr. Beyor's treatment in the facility has been deficient, even if it has been different than what he was accustomed to in the community.[1] That opinion, appearing informally in an e-mail from Deb Richter, MD, to Mr. Beyor's counsel, is as follows:

> This letter is in reference to my former patient Scott Beyor [who] was under my care for 2 years at the Howard Center before being arrested and going to jail last May. During that time he was on a 16 mg daily dose of suboxone prescribed by me along with 8mg of clonazepam[,] prescribed by his psychiatrist, in divided doses daily. He has a severe opioid use disorder and should be on at least 16 mg of suboxone daily given his risk of overdose. He was able to take the relatively high dose of clonazepam and suboxone without any sequelae. It is the standard of care to put the patient on the

---

[1] The State relies extensively on information gleaned from Mr. Beyor's medical records, but it has not come forward with any opposing expert testimony at this time. Its sole argument on summary judgment is that Mr. Beyor's expert's opinion is deficient as a matter of law.

most effective dose and given the toxic supply on the street which sometimes finds it's (sic) way into prisons. This patient is at risk of overdose on a much lower dose of buprenorphine should he ingest illicit drugs with fentanyl, or worse yet, carfentinil. Suboxone or plain buprenorphine has a protective effect as it increases the patient's tolerance should he ingest other opioids. It also helps reduce cravings and withdrawal symptoms. The standard of care in Vermont does not endorse punishing patients by reducing their dose for alleged diversion of another substance.[2]

Dr. Richter's testimony is clear that, in her view, Mr. Beyor has a severe opioid use disorder, the appropriate dose of Suboxone or buprenorphine for him is 16 mg/day, and any "much lower" lower dose would put him at substantial risk of harm. This plainly amounts to an opinion that the much lower dose (and at times no dose) Mr. Beyor has been given during his incarceration violates the standard of care. No doubt, Dr. Richter's opinion is minimal, but it is sufficient to render the matter disputed for summary judgment purposes.

The same is not so as far as clonazepam goes. Dr. Richter's testimony reflects her observation that, while in the community, Mr. Beyor was able to tolerate certain doses of Suboxone and clonazepam at the same time without experiencing sequelae. *See* Stedman's Medical Dictionary, sequela ("A condition following as a consequence of a disease."). She offers no opinion whatsoever as to whether he needs it now at all, much less at the dose he had in the community. This is perhaps not surprising as a different provider in the community was responsible for that prescription. It is not clear whether Dr. Richter has the expertise to have offered an opinion as to clonazepam, but it is plain

---

[2] There is no claim that the DOC ever altered Mr. Beyor's medications to punish him, which may draw into question exactly what Dr. Richter was responding to with her statement about punishment. The State does maintain that medications were adjusted at one point to mitigate safety hazards presented by Mr. Beyor's diversion of medications.

that she offered no such opinion.  This is insufficient to establish any dispute regarding Mr. Beyor's access to clonazepam while incarcerated.

Conclusion

For the foregoing reasons, the State's motion for summary judgment is granted, in part, and denied, in part.

Electronically signed on Thursday, August 22, 2024, per V.R.E.F. 9(d).


_____
Timothy B. Tomasi
Superior Court Judge